UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:03-CR-91 |
| | ) | (VARLAN / GUYTON) |
| BRENDA LYNN BAIRD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Defendant Brenda Baird's ("Baird")

Motion For Relief of Payment of Restitution And Request For Hearing [Doc. 105]. The government

filed a Response in opposition [Doc. 106], the Court conducted an evidentiary hearing, at which

Baird testified.

## FACTS

The factual background of this matter is not in dispute. Baird entered guilty pleas to three

counts of a multi-count Indictment, all arising out of a theft conspiracy. There were two co-

defendants, Norma Ronald Everett ("Everett") and Frankie E. Hughes ("Hughes"), who also entered

guilty pleas.

In August, 2004, District Judge Thomas A. Varlan issued a Judgment [Doc. 70] that, inter

alia, that Baird be imprisoned for 23 months and pay restitution in the amount of $13,573.48 and

$300 in assessments. Baird's co-defendants, Everett and Hughes, also were sentenced to prison time

and restitution of $13,573.48. Restitution in the amount of $13, 573.48 was the joint and several

obligation of all three defendants.

Baird completed her prison sentence, and began making monthly payments on her restitution

obligation. She paid the $300 in assessments she owed. As of June 10, 2008, Baird had paid one-third of the total amount of restitution as apportioned in equal shares with Everett and Hughes.

Baird now seeks relief from making any further payments of restitution [Doc. 105]. However, while her request is pending before the Court, she has been ordered to continue making monthly payments as directed by her supervising probation officer [Doc. 102].

At the hearing, Baird testified that after she was released from prison, she met with her probation officer and set up a payment schedule to make monthly payments on her restitution obligation. The payment plan was 10 % of her gross pay, which apparently has varied from time to time in the range of $10 - $12/hr. Now, however, she is making only $8.14/hr. and working a 40 hour week. Baird lives alone and supports herself.

A United States Courts case Inquiry Report showing the total amount paid by Baird toward the restitution as of August, 20, 2008 was admitted as Exhibit 1 to the hearing.

Co-defendants Everett and Hughes are still in prison and have made no restitution payments.

Baird, in the past, was a nurse. Her nursing license was suspended for five years, but she is now trying to get it reinstated. Baird testified that she can not get her license to practice nursing again until all of her court ordered restitution has been paid. Baird last worked, in nursing, as an RN at Holston Valley Medical Center in Kingsport.

Baird testified in detail as to her monthly expenses. She explained that while her hourly wage has decreased (through no fault of her own), her basic monthly expenses have increased. In short, although she is working full-time, she is barely getting by. She testified that if she could return to nursing, she could increase her income and be a provider of a needed service in the community.

2

## ANALYSIS

The District Court derives its authority to order restitution in criminal cases from 18 U.S.C.

§ 3663 and 3664. This includes an apportionment of restitution among co-defendants.

Specifically, 18 U.S.C. § 3664(h) states the following:

> if the court finds that one defendant has contributed more to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution of may apportion liability among defendants to reflect the level of contribution to the victims loss under the circumstances of each defendant.

Title 18 U.S.C. § 3664(h).

A restitution order is also governed by 18 U.S.C. 3664(k) which provides in relevant part the

following:

> Restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in defendant's economic circumstances that might affect the defendants ability to pay restitution. The Court may also accept notification of a material change of defendants economic circumstances from the United States or from the victim. The Attorney General should certify to the court that the victim or victims of restitution by the defendant have been notified of the change and circumstances. <u>Upon receipt of the notification, the Court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interest of justice requires</u>.
> (emphasis added).

Title 18 U.S.C. § 3665(k) clearly gives this Court the ability to modify a restitution order for the

purposes of equity upon "any material change in the defendant's economic circumstances that might

affect the defendant's ability to pay restitution" and in the interest of justice.

3

**CONCLUSION**

The Court finds that under 18 U.S.C. § 3665(k), and in the interests of justice and fairness, Baird should be relieved of the remainder of her restitution payment. Accordingly, the Court recommends that Baird's Motion **[Doc. 105]** be **GRANTED**.[1] However, the District Judge may or may not choose to schedule a hearing to give any victim an opportunity to be heard on this matter, as no victim appeared at the hearing conducted by the undersigned.

Respectfully submitted,

_____ s/ H. Bruce Guyton _____
United States Magistrate Judge

---

[1]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).