UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:03-CR-91 |
| | ) | (VARLAN/GUYTON) |
| BRENDA LYNN BAIRD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 30, 2008, defendant Brenda Lynn Baird filed a Motion for Relief of Payment of Restitution and Request for Hearing (the "Motion") [Doc. 105], requesting an order relieving her from further payment of the restitution ordered by this Court as part of Baird's sentence [Doc. 75]. The United States filed a motion in opposition [Doc. 106]. Following an evidentiary hearing on Baird's Motion held on August 8, 2008, Magistrate Judge H. Bruce Guyton filed a Report and Recommendation ("R&R") [Doc. 115] recommending that Baird's Motion be granted and that Baird be relieved from her obligation to pay the remainder of the restitution. The government filed an objection to the R&R [Doc. 118]; Baird filed a reply in support of the R&R [Doc. 121]; and the government filed a reply in support of its objection [Doc. 122]. The matter is ripe for determination.

As required by 28 U.S.C. § 636(b)(1)(B), the Court has undertaken a *de novo* review of those portions of the R&R to which the government has objected. In doing so, the Court

has carefully considered the underlying briefs [Docs. 105, 106, 115], and the parties' briefs regarding the pending objection [Docs. 118, 119, 121, 122].

## I. Relevant Facts

In February 2004, Baird entered pleas of guilty to three counts of a multi-count indictment arising out of a theft conspiracy involving Baird's two co-defendants, Norma Ronald Everett ("Everett") and Frankie E. Hughes ("Hughes").[1] In May 2004, the Court sentenced Baird to a twenty-three (23) month term of imprisonment, followed by three (3) years supervised release, restitution in the amount of $13,573.48, and $300 in assessments [Docs. 70, 75]. Baird's co-defendants, Everett and Hughes, were also sentenced to terms of imprisonment and restitution of $13,573.48. Part of the Court's restitution order was that Baird and her co-defendants are jointly and severally liable for the entire restitution obligation. The Court relieved Baird from payment of interest on the restitution obligation. In April 2005, Baird was released from prison and Probation Officer Charles D. Thornton, Jr. set up a flexible payment plan for Baird's restitution payments at a rate of ten percent (10%) of Baird's gross monthly income [Doc. 117, Tr. p. 7-8, 1-23]. As of June 2008, Baird had paid $4,689 of the total restitution obligation, leaving $9,184.48 remaining [Docs. 119, 119-1]. Baird's two co-defendants, Everett and Hughes, who remained in prison, had not made any payments.

---

[1]Everett and Hughes also entered pleas of guilty.

On June 30, 2008, Baird filed the Motion, stating that she has paid one-third (1/3) of the $13,573.48 restitution obligation and the $300 special assessment [Doc. 105]. Baird then states that 18 U.S.C. § 3664(k) gives the Court authority to modify its restitution order in the interests of justice and equity due to the "material change" in Baird's economic circumstances. Specifically, Baird seeks to be relieved of the remainder of her restitution payment under 18 U.S.C. § 3664(k) or to be required to pay only a nominal amount of period payments, as provided for in 18 U.S.C. § 3664(f)(1)(B). In support, Baird states that her financial circumstances are "extremely difficult" and "her economic circumstances are extremely poor and appear to be worsening" and that she will testify in a hearing to any "material changes" and her ability to pay any remaining restitution [Doc. 105].

On August 20, 2008, Magistrate Judge Guyton conducted an evidentiary hearing on Baird's Motion, at which Baird testified regarding her monthly expenses [Doc. 177, pp. 9, 15-18]. Baird testified that since she was first released from prison, her hourly wage has decreased and her basic monthly expenses has increased [*Id.*, pp. 8-9]. Baird also testified that prior to her conviction, she was employed as a nurse, but her license was suspended as a result of her conviction and she has been unable to work as a nurse since her release from prison [*Id.*, pp. 14-15]. Baird testified that she wants to work as a nurse again but her nursing license cannot be reinstated until all her restitution obligation has been paid [*Id.*]. Baird also acknowledged that she owes the entire obligation as a joint and several debt with her co-defendants [*Id.*, p. 18].

On January 27, 2009, Magistrate Judge Guyton filed the R&R recommending that, pursuant to 18 U.S.C. § 3664(k), and in the interests of justice and fairness, Baird should be relieved of the remainder of her restitution payments [Doc. 115]. Accordingly, Magistrate Judge Guyton recommended that Baird's Motion be granted. The government filed an objection, Baird filed a response, and the government filed a reply [Docs. 118, 119, 121, 122].

## II. Analysis

### A. The MVRA

Baird was sentenced to pay restitution under the Mandatory Victims Restitution Act of 1996 (the "MVRA"), 18 U.S.C. §§ 3663A-3664. The MVRA provides for mandatory restitution and covers "any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1); *see, e.g., United States v. Davis*, 306 F.3d 398, 424-25 (6th Cir. 2002) (quotations omitted). The MVRA states that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). The court has considerable discretion in determining how restitution is to be paid. *See id.* § 3664(f)(2).[2] A restitution order may provide that the defendant pay the amount owed in one

---

[2] In the restitution order, the court shall specify the manner in which the restitution is to be paid, in consideration of the following factors: the financial resources and other assets of the defendant; the projected earnings and other income of the defendant; and any financial obligations of the defendant. 18 U.S.C. § 3664(f)(2).

lump sum, in partial payments at specified intervals, in in-kind payments, or, if economic circumstances dictate, in nominal periodic payments until the restitution amount is paid in full. *Id.* § 3664(f)(3)(A), (B).

Once an order of restitution has been issued, and once the period for direct appeal has expired, § 3664(k) of the MVRA provides that the defendant shall notify the court of any "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."[3] 18 U.S.C. § 3664(k). Then, on that basis, the court may modify a restitution order and "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.*; *see also United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001).

### B. Relief from Payment of Restitution

Baird requested and the R&R recommended that Baird could be relieved of the remainder of her restitution payments pursuant to § 3664(k) of the MVRA. In support of Baird's request, she states that while there has not been a case from the United States Court of Appeals for the Sixth Circuit that deals with this specific issue, the language of § 3664(k) and Baird's particular economic situation allow the Court to order that, in equity and in the interests of justice, Baird should be relieved of the remainder of her restitution payments.

Upon review of the relevant law and the parties' briefs, the Court does not find such a grant of authority in § 3664(k) of the MVRA. As stated above, § 3664(k) is a mandatory

---

[3] "The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim." 18 U.S.C. § 3664(k).

5

restitution statute and permits a court to modify a restitution order to "adjust the payment schedule" or "require immediate payment in full, as the interests of justice require." *Id.* § 3664(k). Thus, § 3664(k) only gives this Court authority to adjust or modify the payment *schedule*, not rescind Baird's payment of restitution or reduce Baird's obligation to pay it. *See United States v. Mandel*, 179 F. App'x. 965, 966-67 (7th Cir. 2006) (stating "[a]fter the window . . . to appeal his sentence closed, no avenue was available to the district court to redetermine the appropriate amount of restitution. The governing statute [§ 3664(k)] permits a defendant to seek a revised payment schedule, but not a reduced obligation") (citing *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003); *United States v. Farris*, No. 1:02-CR-173-02, 2006 WL 2022526, at *1 (W.D. Mich. July 17, 2006) (stating that under the MVRA, the Court has "no authority" to release the defendant from his restitution obligation in full); *see also United States v. Wolfe*, 10 F. App'x 249, 250 (6th Cir. 2001).[4] Accordingly, because there is no statutory authority for this Court to relieve Baird of her obligation to pay the full amount of the restitution, the Court hereby sustains the government's objection, rejects the recommendation of the R&R, and denies Baird's request for relief from her obligation to pay restitution.

---

[4]*But see United States v. Turner*, 312 F.3d 1137, 1143 (9th Cir. 2002) (stating that "a court may reduce restitution if it finds that a defendant's economic circumstances have changed"). However, the opinion in *Turner* provides no legal authority or analysis in support of this proposition.

6

### C. Modification of the Restitution Payments Under § 3664(k) and § 3664(f)(1)(B) of the MVRA

While this Court does not have statutory authority under § 3664(k) of the MVRA to relieve Baird from payment of restitution, the Court does have authority to adjust Baird's payment schedule. In order for a court to order such an adjustment, the defendant must prove, by a preponderance of the evidence, that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and that the defendant's current economic condition warrants such an adjustment. 18 U.S.C. §§ 3664(e), (k).

In her Motion, Baird did not specifically ask for an adjustment of her payment schedule under § 3664(k) of the MVRA, presumably because such an adjustment, while it may help her financially, would not affect the reinstatement of her nursing license. However, Baird did request that the Court require her to pay only a nominal amount of period payments, as provided for in § 3664(f)(1)(B) of the MVRA. In its objection to the R&R, the government argued that Baird did not produce evidence or testify to a material change in her economic circumstances to warrant an adjustment under § 3664(k) of the MVRA. The R&R did not specifically address the adjustment issue beyond stating that Baird's monthly expenses have increased and that she is barely getting by.

At the hearing, Baird testified that she was employed, that she lived by herself, paid rent, owned a car, and had car maintenance, utilities, food, and other related expenses [Doc. 117, Tr. pp. 9-10, 14-16]. Baird testified that she was paid $10.00 an hour at her first job

7

after being released from prison and that, at the time of the hearing, she was working at another job and receiving $8.14 an hour [*Id.*, pp. 8-9]. Pursuant to her payment plan, Baird testified that she paid ten percent (10%) of her gross pay every month towards her restitution obligation, a payment of about $100 to $130 a month [*Id.*, pp. 8, 12, 17]. Baird also stated that she "didn't have any problems on supervised release with regard to money" [*Id.*, pp. 10-11].

In addition to Baird's testimony, Baird's counsel stated that Baird's economic circumstances were "at least poor," that she got paid less than when she was initially released from prison and, given the rise in gas prices, she paid a higher proportion of her salary towards gas [Doc. 117, Tr. pp. 21-22]. Baird's counsel also stated that Baird's economic circumstances had changed because, at the time of the hearing, she had paid an equivalent share of the restitution obligation [*Id.*]. Baird's counsel also stated that Baird's "circumstances haven't, technically, changed because she gets paid the same as she was" and that "there's not a real change of economic circumstances—stability or economic circumstances." [*Id.*, pp. 5, 6-15, 21-22].

After the Court's review of the relevant pleadings and the hearing transcript, the Court concludes that Baird has not met her burden of demonstrating, by a preponderance of the evidence, that there has been a material change in her economic circumstances to warrant an adjustment of her restitution payment schedule. Baird is arguing that the material change in circumstances that supports her request for an order relieving her of the restitution obligation is the "circumstance" that Baird has paid one-third (1/3) of the Court-ordered restitution. The

8

Court however, does not agree that this change in circumstance constitutes a "material circumstance" of the kind intended by § 3664(k) of the MVRA. Baird's monthly income has not decreased materially from the time she was released from prison and the increase in gas prices alone is not enough to warrant an adjustment. Moreover, Baird's testimony regarding her monthly income and expenses at the time of the hearing and Baird's Financial Statement of February 1, 2008 do not indicate a material change in her ability to make restitution payments from the time this Court imposed Baird's sentence, in May of 2004, to the date of the hearing, in August 2008 [Doc. 117, Tr., pp. 9, 15-17; Doc. 119-2]. In fact, the Court notes that Baird had a job at the time of the hearing and that her financial situation seems to have improved since the Court's imposition of sentence.

While the Court acknowledges Baird's payment towards her restitution obligation, the Court notes that one-third (1/3) of $13, 573.48 is not what Baird was sentenced to pay. Baird was sentenced to an obligation of $13,573.48 and, along with her co-defendants, is jointly and severally liable to the victims of her offenses for that obligation. Baird must continue to make restitution payments pursuant to her restitution payment schedule until the entire restitution obligation is paid in full. Once Baird's co-defendants are released from prison and are also able to obtain jobs, they too will be required to make payments towards the restitution obligation.

The Court also rejects Baird's request in her Motion that she only be required to make nominal period payments on her restitution obligation under § 3664(f)(1)(B) of the MVRA.

9

This section provides that

> A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664(f)(1)(B).

The decision to not order Baird to pay only nominal periodic payments towards her restitution obligation was made by the Court at Baird's initial sentencing, after a thorough consideration of Baird's economic circumstances. The facts on the record at the time of sentencing did not indicate to the Court that Baird would not be able to make restitution payments, in accordance with a reasonable schedule of payments, once she was released from prison. Baird's past work experience, her education, and her ability to work also indicated to the Court that she was capable of making more than nominal payments. *See, e.g., United States v. Callan*, 22 F. App'x 434, 452-53 (6th Cir. 2001) (giving the defendant's college education and his earning potential as reasons for not ordering nominal periodic payments on the defendant's payment of restitution). Baird did not challenge the Court's determination with an appeal of her sentence. Since her release, Baird has aptly and competently demonstrated that she is able to work and has kept up with her restitution payments. The record now before the Court does not give the Court reason to determine that its prior decision should be adjusted to make Baird's payments nominal.

10

Case 3:03-cr-00091  Document 124  Filed 12/17/09  Page 10 of 12  PageID #: 163

The Court concludes, based on the current record, that adjustment of Baird's payment schedule is not warranted. However, in addition to this determination, the Court has reviewed a letter [Doc. 123], filed by Baird on November 4, 2009, in which Baird submits that there have been material changes in her economic circumstances that have affected her ability to support herself. The Court acknowledges that Baird's circumstances may have changed since the August 8, 2008 hearing in this matter and would note that its present determination does not foreclose the possibility that Baird may now have reason to make a motion, pursuant to 18 U.S.C. § 3664(k), and submit evidence to the Court of a material change in circumstances that would warrant an adjustment of her payment schedule. While the Court cannot relieve Baird of her restitution obligation, thus enabling the reinstatement of her nursing license, a modification of her restitution payment schedule might be warranted if Baird proves, by a preponderance of the evidence, a material change in circumstances.[5]

### III. Conclusion

For the reasons stated herein, the government's objection [Doc. 118] is **SUSTAINED**, the recommendation in the R&R [Doc. 115] is **REJECTED**, and Baird's Motion for Relief of Payment of Restitution and Request for Hearing [Doc. 105] is

---

[5] Baird's restitution payment schedule, set up by her probation officer, is a flexible payment plan under which Baird pays ten percent (10%) of her gross pay every month [Doc. 117, Tr. p. 7-8, 1-23]. As Baird's letter [Doc. 123] to the Court indicates that Baird is currently unable to secure gainful employment, the Court would note that an adjustment to Baird's payment schedule, if not yet adjusted due to Baird's unemployment, may be warranted. If so, and Baird's payment schedule is adjusted, there may be no need for the filing of a motion pursuant to 18 U.S.C. § 3664(k).

11

**DENIED**.  Baird shall continue making restitution payments to the Clerk of this Court as provided for in the judgment in this case and Baird's restitution payment schedule.

IT IS SO ORDERED.

<pre>                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE</pre>

12

Case 3:03-cr-00091   Document 124   Filed 12/17/09   Page 12 of 12   PageID #: 165